IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEERBOD NAMVARI, )<br>    43071 Kates Court )<br>    Leesburg, Virginia 20176, )<br>)<br>        Plaintiff )<br>)<br>v. )<br>)<br>DEFENSE COUNTERINTELLIGENCE AND )<br>SECURITY AGENCY )<br>    27130 Telegraph Road )<br>    Quantico, Virginia 22134-2253, )<br>)<br>DEFENSE INTELLIGENCE AGENCY )<br>    7400 Pentagon )<br>    Washington, DC 20301-7400 )<br>)<br>        Defendants. ) | Civil Action No. |

## COMPLAINT

Plaintiff Mr. Heerbod Namvari (hereinafter "Plaintiff") brings this action against the Defense Counterintelligence and Security Agency ("DCSA"), and the Defense Intelligence Agency ("DIA") (collectively, "Defendants" or individually, "Defendant") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff filed separate FOIA requests with the FBI, DCSA, and DIA requesting records pertaining to changes in his security clearance.

5. DIA, an agency within the meaning of 5 U.S.C. § 552(f), is the agency in possession and/or control of the records requested by Plaintiff that are the subject of this action.

6. DCSA, an agency within the meaning of 5 U.S.C. § 552(f), is the agency in possession and/or control of the records requested by Plaintiff that are the subject of this action.

## STATEMENT OF FACTS

7. Plaintiff has extensive experience in the technology and engineering field with work that required him to obtain and successfully maintain a Top Secret/SCI clearance.

8. On January 2, 2024, Plaintiff submitted a FOIA request to the DCSA requesting information pertaining to his clearance.

9. On April 23, 2024, DCSA acknowledged receipt of Plaintiff's request and assigned it a tracking number.

10. On July 9, 2024, and December 10, 2024, Plaintiff inquired about the status of his FOIA request to DSCA. On both occasions, DCSA replied with an automated message stating that the "request was in the queue pending assignment to processor."

11. To date, DCSA has failed to: (i) make any determination regarding Plaintiff's January 2, 2024 FOIA request; (ii) notify Plaintiff of such determination and the reasons therefor; or (iii) advise Plaintiff of the right to seek review should there be an adverse determination.

12. On January 2, 2024 Plaintiff submitted a separate FOIA request to the DIA, requesting information pertaining to his clearance.

13. On December 12, 2024, Plaintiff inquired about the status of his FOIA request with DIA.

14. On December 13, 2024, DIA responded that his FOIA request had not been processed "potentially due to the type of submission" and further advised Plaintiff that his request required a completed Privacy Act Request Form.

15. On December 14, 2024, Plaintiff submitted the Privacy Act Request form, accompanied with a detailed outline of his request. DIA acknowledged receipt on December 16, 2024. Within said receipt the DIA stated that they are unable to respond to the request within the statutory period on account of the request falling under "unusual circumstances." The DIA did not explain the unusual circumstances, nor did it provide an estimated date of completion.

16. To date, DIA has failed to: (i) make any determination regarding Plaintiff's January 2, 2024, FOIA request and subsequent December 14, 2024, Privacy Act request; (ii) notify Plaintiff of such determination and the reasons therefor; or (iii) advise Plaintiff of the right to seek review should there be an adverse determination.

## COUNT

**Violation of FOIA, 5 U.S.C. § 552**
**Unlawful Withholding of Non-Exempt Documents**
**(Against Both Defendants)**

17. Plaintiff incorporates paragraphs the above paragraphs as fully stated herein.

18. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DCSA and DIA were required to make the determinations listed in ¶11 and ¶16 within 20 working days of receipt of the January 2, 2024 requests.

19. DCSA and DIA have failed to make the statutorily required determinations.

20. DCSA and DIA are unlawfully withholding records requested by Plaintiff in violation of 5 U.S.C. § 552(a)(3) by failing to produce responsive records to Plaintiff or providing any rational justification for failing to comply with their requirements.

21. Because DCSA and DIA have failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants DCSA and DIA to conduct a search for any and all records responsive to Plaintiff's FOIA requests; (2) order Defendants DCSA and DIA to produce, by a date certain, any and all non-exempt records pursuant to Plaintiff's FOIA requests; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 19, 2025

Respectfully submitted,

*/s/ Carol A. Thompson*
Carol A. Thompson
DC Bar No. 1658143
Federal Practice Group
801 17th Street, N.W., Suite 250
Washington, D.C. 20006
Telephone: 202-862-4360
cthompson@fedpractice.com

*Counsel for Plaintiff*